Filed 7/7/16  P. v. Heath CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DARVIN DAVID HEATH,<br><br>        Defendant and Appellant. | A146051<br><br>(Contra Costa County<br>Super. Ct. No.<br>05-1506419) |

### INTRODUCTION

At the prosecutor's request, the trial court held an in camera hearing outside the presence of the defendant and his attorney to determine whether the prosecution was required to disclose certain material to the defendant under *Brady v. Maryland* (1963) 373 U.S. 83, 87 (*Brady*).  The trial judge determined that there was nothing to disclose. Defendant Darvin David Heath asks us to independently review the in camera proceedings to determine whether the trial court erred.  The Attorney General does not oppose our independent review of the in camera proceeding.  We have done so, and will affirm the conviction.

### FACTUAL AND PROCEDURAL BACKGROUND

We recite the facts and procedural history only briefly as they pertain to the narrow issue on appeal.

Defendant was charged with three felonies involving domestic violence against his wife, Robin Williams-Heath, all arising out of the same incident occurring on February

1

13, 2015, in a park off the Pittsburg/Antioch Highway in Pittsburg. He was charged with infliction of corporal injury on a spouse (Pen. Code, § 273.5, subd. (a))[1]; assault with a deadly weapon (§ 245, subd. (a)(1))); and aggravated false imprisonment involving infliction of great bodily injury (§§ 236, 237, subd. (a)). Each of the felonies was charged as a serious felony (§§ 1192.7, subd. (c); 667), and each included enhancements for personal use of a dangerous or deadly weapon, that is, a letter opener (§ 12022, subd. (b)(1)) and for one "prison prior" (§ 667.5, subd. (b)).

In a bifurcated trial, a jury found the defendant guilty of the three offenses and found the three deadly-weapon enhancements true. After the trial court indicated that it would not grant probation, the prosecution decided not to go forward with a court trial on the "prison prior" enhancement. Defendant was sentenced to an aggregate term of five years.

Clayton Sills, 23 years old at the time he testified at trial on July 7, 2015, was a bystander who happened to be at the park with his child and fiancée when the incidents occurred on February 13, 2015. He did not know defendant or the victim before the incident; he called 911 to report it. Sills testified at trial about what he saw and heard.

## DISCUSSION

During in limine motions on July 6, 2015, defense counsel noted that the prosecution had disclosed there may be information regarding witness Sills that could only be disclosed pursuant to an "827 petition," presumably referring to Welfare and Institutions Code section 827, which governs access to juvenile records. Defense counsel had not filed a petition for such documents.

The next day, on the record and outside the presence of the jury, the court stated, "My understanding is that the clerk of the court has no file in reference to a criminal adjudication—juvenile—it may be some sort of a civil matter. If there is, then it strikes me as having a fairly remote chance that there would be some pertinent information in a—what they call a 300 case, a dependency case. From what I understand, the case may

---

[1] All statutory references are to the Penal Code unless otherwise stated.

have some age on it too." The court continued that "[w]e have asked the clerk to dig up anything that might be directly pertinent to impeachment. It strikes me as being more possibly related to impeachment if you have a 600 matter which is a—criminal allegation which gets adjudicated in juvenile court. There is not one of those cases." Defense counsel indicated that she had filed an "827 petition," including "300 matters," presumably referring to Welfare and Institutions Code section 300, et seq., regarding dependent children. The court noted, "I had my clerk checking on the existence of a civil file. I will take a look at it."

The prosecutor then stated that there were "things from 2005 and 2006 when [Sills] was 13-years old. I have no—there is nothing reflected on the information that I have that suggested some adjudication just some contact that is possibly reflected."

The trial court stated, "I'm giving you some preliminary feedback here. There is no file at all suggesting a petition was filed alleging criminal behavior [by Sills]."

The court clerk then handed the court "two items possibly relating," which were marked as Court Exhibit No. 2. The trial judge reviewed Exhibit No. 2 and described it as "two different items, both of which appear to possibly relate to Mr. Sills. Neither of which in the Court's judgment would call for any further investigation of these two matters. One is a traffic matter and one is a—to put it in its most general terms, a probate matter from 2011. And the traffic matter is more recent than that. Neither of them would suggest any information that is usable as impeachment. So that still doesn't cover the time frame that you are talking about."

The prosecutor took up defense counsel's earlier suggestion for an in camera hearing so that the prosecutor could "show [the court] what I have." Defense counsel stated she had no objection to an in camera proceeding.

On July 9, 2015, the trial court held an in-camera hearing at which the prosecutor, but not defense counsel, was present.

The trial court ruled that nothing was discoverable. On July 21, the court stated on the record and outside the presence of the jury: "It seems very clear from me from all of the various types of investigation that the Court has done in reference to any possible

3

juvenile record that Mr. Sills may have that there is nothing there that is discoverable. [¶] So our transcript is going to remain under seal, and it would be available to whoever might want to review it. But there—is what I was told in camera about the information and there is also then the Court's independent research into the nature and extent of any juvenile court record that may exist quite apart from what [the prosecutor] knows and in the Court's view there is simply there is no information there that is discoverable." To which the prosecutor replied, "That's all we can do." The court concluded, "There may be there is no information there period. I think I could say that on the record."

The prosecution has a duty to disclose material favorable evidence to a criminal defendant. (*Brady, supra,* 373 U.S. at p. 87.) Typically the prosecution makes it own decision as to what constitutes Brady material, but it is permissible in certain cases to seek assistance from the court. (See *United States v. DuPuy* (9th Cir. 1985) 760 F.2d 1492, 1501.) Turning documents over to the trial court for it to make the decision is "particularly appropriate when the [prosecution] has legitimate reasons for protecting the confidentiality of the material requested." (*Id.* at p. 1501; see Hoffstadt, California Criminal Discovery (5th ed. 2015) § 4.29(a), p. 137.)

At the request of defendant and without objection by the Attorney General, we have reviewed Court Exhibit No. 2 and the transcript of the in camera hearing. We find no error, under any standard of review, in the court's in camera review relating to Sills and its decision that nothing further was discoverable.

## DISPOSITION

The judgment is affirmed.

_____

Miller, J.

We concur:

_____

Kline, P.J.

_____

Richman, J.

A146051, *People v. Heath*

5